820 So.2d 365 (2002)
Roderick FOSTER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-2416.
District Court of Appeal of Florida, First District.
May 13, 2002.
Rehearing Denied July 8, 2002.
Nancy A. Daniels, Public Defender, and Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
*366 Robert A. Butterworth, Attorney General, Philip W. Edwards, Assistant Attorney General, and Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellee.
POLSTON, J.
Appellant Roderick Foster was convicted of carrying a concealed firearm and possession of a firearm by a convicted felon, and was sentenced as a habitual felony offender to two, concurrent, five-year terms of imprisonment. Appellant filed a Motion to Correct Sentencing Error pursuant to Fla. R.Crim. P. 3.800(b)(2), arguing that habitual felony offender section 775.084(3)(a)6., Florida Statutes (2000), violates due process federal and state constitutional requirements. The trial court concluded that the statute is constitutional and denied the motion. We affirm the trial court's ruling.
Appellant argues that section 775.084(3)(a)6. is facially unconstitutional, which states:
(3)(a) In a separate proceeding, the court shall determine if the defendant is a habitual felony offender or a habitual violent felony offender. The procedure shall be as follows:
. . .
6. For an offense committed on or after October 1, 1995, if the state attorney pursues a habitual felony offender sanction or a habitual violent felony offender sanction against the defendant and the court, in a separate proceeding pursuant to this paragraph, determines that the defendant meets the criteria under subsection (1) for imposing such sanction, the court must sentence the defendant as a habitual felony offender or a habitual violent felony offender, subject to imprisonment pursuant to this section unless the court finds that such sentence is not necessary for the protection of the public. If the court finds that it is not necessary for the protection of the public to sentence the defendant as a habitual felony offender or a habitual violent felony offender, the court shall provide written reasons; a written transcript of orally stated reasons is permissible, if filed by the court within 7 days after the date of sentencing. Each month, the court shall submit to the Office of Economic and Demographic Research of the Legislature the written reasons or transcripts in each case in which the court determines not to sentence a defendant as a habitual felony offender or a habitual violent felony offender as provided in this subparagraph. (Emphasis added).
Citing Commonwealth v. Butler, 563 Pa. 324, 760 A.2d 384 (2000), Appellant argues that the statutory requirement that the court sentence the defendant as a habitual felony offender or habitual violent felony offender, unless the court finds that such sentence is not necessary for the protection of the public, unconstitutionally shifts the burden of proof from the state to the defendant.
In Butler, the Pennsylvania statute established a presumption that the offender was a high risk dangerous offender, and then unconstitutionally placed the burden of proof on the offender to rebut the presumption by clear and convincing evidence. The Florida statute is different, therefore Butler does not apply. In Florida, the state must prove that the offender meets the criteria of a habitual felony offender or habitual violent felony offender pursuant to section 775.084(1). Therefore, the state has the burden of proof and there is no unconstitutional shifting to the defendant.
The language in the statute providing an exception for sentencing under section 775.084 in the event that such a sentence is not necessary for the protection of the *367 public provides the trial judge the discretion to not impose an enhanced sentence.[1] This discretion "does not shift the burden of proof, but is more analogous to a judge's discretion to depart downward based on valid reasons in cases governed by the sentencing guidelines." Arnold v. State, 566 So.2d 37, 38-39 (Fla. 2d DCA 1990)(holding that the habitual offender statute does not unconstitutionally shift the burden of proof to the defendant even though the statute no longer requires a finding of necessity for protection of the public).
AFFIRMED.
BOOTH and BROWNING, JJ., concur.
NOTES
[1] The trial court used its discretion in this case by finding that sentencing Appellant as a violent career criminal was not necessary for the protection of the public: "The Court has considered and finds that while he would qualify as a violent career felony offender, that the interest of justice do not require, nor is it necessary for the protection of the public, that such enhanced sanctions be imposed, inasmuch as the Court finds that the habitual felony offender sanctions [are] an adequate safeguard and sanction to be imposed."