**Commonwealth v. Brown**

*Patricia E. Coonahan* and *Adrienne D. Jappe,* for Commonwealth.

*Alton D. Brown,* pro se.

ALBRIGHT, *J.,* December 31, 2009—The defendant, Alton D. Brown, appeals from the order of the undersigned, dated July 7, 2009, dismissing the defendant's pro se second motion for post-conviction relief.[1] For the reasons that follow, the trial court believes that Mr. Brown's appeal is without merit and that the order of July 7, 2009 should be affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

The defendant was found guilty following a jury trial on November 19, 1997 of two charges of robbery and two charges of possession of an instrument of crime with the intent to employ criminally. On January 8, 1998, the Honorable Samuel W. Salus II (now retired) sentenced Mr. Brown to 10 to 20 years incarceration on one robbery conviction and a consecutive 10 to 20 years of imprisonment for the second robbery. On December 22, 1998, the Superior Court affirmed the trial court's judgment of sentence entered against Mr. Brown, following which the defendant filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which was subsequently denied by that court on June 16, 1999.

The defendant filed his first PCRA motion on April 20, 2000 and his second PCRA motion on September 19, 2002, nearly two years after the date on which his appeal from his conviction and sentence became final, and while his first PCRA filing remained pending and unresolved. Accordingly, the trial court, by order dated October 10, 2002, deferred its consideration of the defendant's second

---

1. 42 Pa.C.S. §9541 et seq.

PCRA motion. Following a lengthy series of appeals and remands of Mr. Brown's first PCRA motion, it was finally disposed of by the Pennsylvania Supreme Court which, by order dated November 21, 2007, denied the defendant's petition for allowance of appeal and application for writ of mandamus.

Thereafter, by order, dated September 22, 2008, the undersigned advised Mr. Brown of the trial court's intention to dismiss the defendant's second PCRA motion without a hearing, to which Mr. Brown responded on October 6, 2008. In an abundance of caution, the undersigned conducted an evidentiary hearing and argument on January 5, 2009. After its thorough review of the record, including the supplemental briefs submitted by the defendant and the Commonwealth, the trial court dismissed Mr. Brown's second PCRA motion by order dated July 7, 2009. The defendant then filed a notice of appeal and an application for leave to continue in forma pauperis status on appeal, a request which was quickly granted and followed shortly thereafter by Mr. Brown's submission of his concise statement of errors complained of on appeal asserting that:

"(1) The court erred in failing to grant a new sentencing hearing since petitioner was given an illegal sentence and was prevented from challenging its illegality by the Commonwealth and/or their agents; and, because the illegality of a sentence cannot be waived."

## DISCUSSION

The standard of review to be applied to claims raised on appeal from the denial of post-conviction relief is

limited to determining whether the PCRA court's findings are supported by the record and free from legal error. 42 Pa.C.S. §9541 et seq.; *Commonwealth v. Gwynn,* 596 Pa. 398, 404, 943 A.2d 940, 944 (2008). With the exception of three limited circumstances, a PCRA petition must be filed "within one year of the date the judgment becomes final." 42 Pa.C.S. §9545(b)(1). "[T]he PCRA's timeliness requirements are mandatory and jurisdictional in nature, [and therefore] no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Commonwealth v. Carr,* 768 A.2d 1164, 1167 (Pa. Super. 2001) (quoting *Commonwealth v. Murray,* 562 Pa. 1, 5, 753 A.2d 201, 202-203 (2000)).

In addition, "when a defendant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." *Commonwealth v. Lark,* 560 Pa. 487, 493, 746 A.2d 585, 588 (2000). (footnote omitted) Moreover, "[i]f the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must *plead and prove* that one of the three exceptions to the time bar under 42 Pa.C.S. §9545(b)(1) applies." *Id.* (emphasis added) To prevail under an exception to the general one-year filing deadline, a defendant must plead and prove one of the following:

"(i) the failure to raise the claim previously was the result of interference by government officials with the

presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

"(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

"(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. §9545(b)(1)(i)-(iii).

Finally, "[t]he subsequent petition must also be filed within 60 days of the date of the order which finally resolve[d] the previous PCRA petition, because this is the first 'date the claim could have been presented.'" *Id.* (quoting 42 Pa.C.S. §9545(b)(2)).

In this case, the Pennsylvania Supreme Court, by order, dated June 16, 1999, denied the defendant's petition for allowance of appeal from his judgment of sentence. Thus, in the first instance, the defendant had one year and 90 days from the date on which his petition for allowance of appeal was denied within which to file any additional PCRA petitions. *Id.* at section 9545(b)(1), (3); Pa.R.Crim.P. 901(A); see U.S. Sup. Ct. R. 13. As noted above, Mr. Brown's first PCRA motion, though timely filed, was not resolved until November 21, 2007, as a result of which his second PCRA filing of September 19, 2002 was procedurally barred since his first PCRA motion was still pending. See *Lark,* 560 Pa. at 493, 746 A.2d at 588. "[A]

subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition."

The defendant's second PCRA motion asserts primarily that he was improperly sentenced by the trial judge due to the latter's alleged impermissible reliance upon 42 Pa.C.S. §9714 ("strike two" sentencing statute) and his imposition of a mandatory sentence as a consequence of Mr. Brown's status as a "high risk dangerous offender" as defined under that statute. Mr. Brown's contention is based upon the ruling in *Commonwealth v. Butler,* decided by the Pennsylvania Supreme Court on October 27, 2000, which held that title 42 section 9714 violated due process and was, therefore, unconstitutional. See *Butler,* 563 Pa. 324, 760 A.2d 384 (2000). Additionally, Mr. Brown claims that he was prevented from asserting, in a timely manner, that his sentence was invalid, since, during the time frame in question, he was allegedly held in an experimental behavioral modification unit where he was denied access to certain updated legal information, including, apparently, the reporting of the *Butler* case.

## *The Defendant's Second PCRA Motion Is Untimely*

The defendant's second PCRA motion, filed on September 19, 2002, is untimely since such a petition must be filed "within one year of the date the judgment becomes final." 42 Pa.C.S. §9545(b)(1). Given the "mandatory and jurisdictional" nature of the PCRA's timeliness requirements, this court would normally be precluded from addressing the merits of the defendant's claims

since judgment in this case became final in September 1999. See *Carr,* 768 A.2d at 1167. Mr. Brown, however, has attempted to plead entitlement to the PCRA's strict timeliness requirements by asserting that: (1) the statute under which he was sentenced as a "high risk dangerous offender" was rendered unconstitutional by *Butler* in October 2000; and (2) but for impermissible government interference which denied him access to updated legal information, he would have raised this claim previously. Thus, even though Mr. Brown's second PCRA motion is believed to be untimely, the undersigned, in an abundance of caution, will address the merits of Mr. Brown's second PCRA motion.

Affording the defendant the benefit of any doubt regarding the applicability of any one of the aforementioned exceptions, his second PCRA motion should not have been filed until after his first PCRA motion was resolved on November 21, 2007, and "within 60 days" of that same November 21 order of the Pennsylvania Supreme Court because this is the first "date the claim could have been presented" by the defendant. See *Lark,* 560 Pa. at 493-94, 746 A.2d at 588 (quoting 42 Pa.C.S. §9545(b)(2)). Not only did Mr. Brown fail to timely file his second PCRA motion, but he also neglected to prove his entitlement to one of the three timeliness exceptions under title 42 section 9545(b)(1) (i-iii). Instead, the defendant asserted that he was "locked" up in "some kind of experimental behavior modification program in Pittsburgh" for "six years . . . from April 2000 to January 2006," where he was allegedly denied access to "updated legal information." (N.T. 1/5/09, at 12, 14.) Mr.

Brown's assertion that he was denied access to updated legal information from April 2000 until January 2006 is, in reality, completely irrelevant since he was not even permitted to file his second PCRA motion until at least November 21, 2007.

Furthermore, even if Mr. Brown's alleged restrictive confinement from April 2000 until January 2006 was somehow relevant, he was, nevertheless, unable to prove, by a preponderance of the evidence, that such a confinement occurred. In fact, when prompted at the January 5, 2009 evidentiary hearing, Mr. Brown conceded that he had "nothing" to indicate or confirm that he had been restrained or confined in the aforementioned modification unit, nor was he able to produce any credible evidence from which the trial court might determine that his alleged restrictive placement had prevented him from his acknowledged filing of other "numerous motions and/or petitions" in this case "between April of 2000 and January of 2006." (N.T. 1/5/ 09, at 25.) Having failed to plead and prove, by a preponderance of the evidence, his entitlement to one of the three exceptions contained in title 42 section 9545(b)(1), the undersigned is without jurisdiction to either entertain Mr. Brown's second PCRA motion in the first instance or to otherwise find it deserving of any favorable substantive consideration on its purported merits.

In the final analysis, the *Butler* case, upon which Mr. Brown relies so heavily, was decided *after* Mr. Brown's direct appeal was resolved and, consequently, has no retroactive effect and offers him no relief. See *e.g., But-*

*ler,* 563 Pa. 324, 760 A.2d 384; see also, *Commonwealth v. Tilley,* 566 Pa. 312, 318, 780 A.2d 649, 652 (2001). For instance, even if Mr. Brown were able to overcome all of the procedural hurdles outlined above, his reliance on *Butler* to support his contention that he was illegally sentenced is misplaced since *Butler* does not apply retroactively. In order to be given retroactive effect, not only must an issue be preserved at all stages, but the decision announcing the new rule of law must be handed down during the pendency of the defendant's direct appeal. See *Tilley,* 566 Pa. at 318, 780 A.2d at 652 (citing *Commonwealth v. Cabeza,* 503 Pa. 228, 232-33, 469 A.2d 146, 148 (1983)). In this case, however, Mr. Brown's direct appeal concluded on June 16, 1999, and the Pennsylvania Supreme Court did not render the *Butler* decision until October 27, 2000. Therefore, since the *Butler* decision was not delivered until more than a year after the conclusion of Mr. Brown's direct appeal, it has no application to this case and cannot be relied upon by the defendant to support his claim for post-conviction relief based upon the alleged illegality of the sentence imposed by the trial judge.

## CONCLUSION

In accordance with the aforementioned, the trial court believes that the order, dated July 7, 2009, dismissing the defendant's second PCRA motion, should be affirmed.