J-S23038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TROY DEBROUEX, | : | |
| | : | |
| Appellant | : | |
| | : | No. 2822 EDA 2015 |

Appeal from the Order August 3, 2015
in the Court of Common Pleas of Wayne County Criminal Division
at No(s): CP-64-CR-0000600-2006

BEFORE: PANELLA, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED April 27, 2016**

Appellant, Troy Debrouex, appeals from the order entered in the Wayne County Court of Common Pleas dismissing his *pro se* petition for writ of *habeas corpus*. Appellant argues the court erred in regarding his petition as an untimely petition pursuant to the Post Conviction Relief Act[1] ("PCRA") and his sentence is illegal. We affirm.

We summarize the facts and procedural history of this case as follows. On August 26, 2006, Appellant was an inmate at the state correctional institute at Waymart and attacked another inmate with a prison-made knife. The victim received seventeen superficial injuries as a result. On May 21,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S §§ 9541-9546.

2007, Appellant pleaded guilty to aggravated assault.[2]  On July 12, 2007, the trial court sentenced Appellant to ten to twenty years' imprisonment, pursuant to 42 Pa.C.S § 9714(a), concurrent to the term he was serving. Appellant did not appeal his sentence.

On September 27, 2007, Appellant filed a timely[3] PCRA petition, *pro se*.  The PCRA court appointed counsel.  Appointed counsel sought permission to withdraw from representation, and on June 11, 2010, the PCRA court granted counsel's request and dismissed Appellant's PCRA petition.  Appellant did not appeal; however, on June 23, 2010, he filed a petition for writ of *habeas corpus*/motion to vacate illegal sentence.  The PCRA court denied the petition on June 29, 2012.[4]  Appellant did not appeal but filed serial motions in the trial court for time credit, each of which was denied.  Appellant did not appeal these denials.

On June 2, 2015, Appellant filed a petition for writ of *habeas corpus,* which gives rise to the instant appeal.  Appellant argued his sentence is unconstitutional pursuant to **Commonwealth v. Butler**, 760 A.2d 384 (Pa.

---

[2] 18 Pa.C.S. § 2702.

[3] **See** 42 Pa.C.S. § 9545(b)(1).

[4] We note the PCRA court initially did not rule on Appellant's petition.  On January 23, 2012, Appellant filed a petition for a writ of *mandamus* with the Pennsylvania Supreme Court seeking its directive to the PCRA court to rule on Appellant's petition.  The Supreme Court granted the petition for writ of *mandamus* and ordered the Court of Common Pleas of Wayne County to dispose of Appellant's "pending motions." *Per Curiam* Order, 5/31/12.

2000). Appellant's Pet., 6/2/15, at 1-2. He posited that his sentence was "enhanced by [an] invalidated statute . . . and [therefore,] eliminates all questions of waiver, timeliness and due diligence as bars to relief sought." *Id.* at 5. The PCRA court issued an order and accompanying opinion dismissing Appellant's petition on August 3, 2015.[5] The PCRA court concluded the claim was cognizable under the PCRA, but in an "abundance of caution" addressed Appellant's substantive argument. PCRA Ct. Op. and Order, 8/3/15, at 2-4. Appellant timely appealed on August 27, 2015, and filed a court-ordered Pa.R.A.P. 1925(b) statement on September 18, 2015. The PCRA court filed a response adopting its August 3rd opinion.

On appeal, Appellant raises the following issues:

> A. Whether the [PCRA] court abused its discretion in dismissing Appellant's Petition for Writ of *Habeas Corpus Ad Subjiciendum* as an untimely petition pursuant to the P[CRA]?
>
> B. Whether the [PCRA] court abused its discretion in dismissing Appellant's Petition for Writ of *Habeas Corpus Ad Subjiciendum* where the illegal confinement is based on the [a]pplication of a mandatory minimum pursuant to 42 Pa.C.S.[] § 9714?

Appellant's Brief at 3.

---

[5] As discussed *infra*, Appellant's petition is properly considered as a PCRA petition. We note the PCRA court did not file a Pa.R.Crim.P. 907 notice informing Appellant of its intent to dismiss his petition without a hearing. Appellant does not object to this procedural error. Therefore, he has waived any challenge based on the failure to issue a Rule 907 notice. **See Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013).

For Appellant's first issue, he recognizes that his petition is untimely pursuant to the PCRA. *Id.* at 7. He continues, "[a]ssuming *arguendo* that Appellant should have filed a PCRA petition, that no exceptions apply, and that a PCRA petition would be untimely, then he properly filed a petition for *habeas corpus* relief." *Id*. We disagree.

> The PCRA specified that it is the **sole** means for obtaining collateral relief and that it supersedes common law remedies. Specifically, it provides:
>
> > This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The **action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies** . . . including habeas corpus and coram nobis.
>
> 42 Pa.C.S. § 9542 (emphasis added).

*Commonwealth v. Ahlborn*, 699 A.2d 718, 721 (Pa. 1997).

Instantly, Appellant challenges the legality of his sentence. Therefore, his **sole** means of obtaining collateral relief is through the PCRA. *See id.* Appellant cannot seek review outside of the PCRA by captioning his petition as a writ of *habeas corpus*. *See Taylor*, 65 A.3d at 466. Therefore, we address whether Appellant's substantive claim warrants PCRA relief.

For his second issue, Appellant argues he should be resentenced because the Pennsylvania Supreme Court's decision in **Butler** "had the effect

of voiding the entirety of § 9714." Appellant's Brief at 9. We hold no relief is due.

> The filing mandates of the PCRA are jurisdictional in nature and are strictly construed. The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. An untimely PCRA petition renders this Court without jurisdiction to afford relief.
>
> A petition for relief under the PCRA must be filed within one year of the date the PCRA petitioner's judgment of sentence becomes final unless the petitioner alleges and the petitioner proves that an exception to the one-year time-bar is met. 42 Pa.C.S. § 9545.

*Taylor*, 65 A.3d at 468 (some citations omitted).

The exceptions to the jurisdictional time-bar are codified as follows.

> **(b) Time for filing petition.—**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

In the case *sub judice*, Appellant's judgment of sentence became final on August 13, 2007.[6] ***See id.*** § 9545(3); Pa.R.A.P. 903. His petition, filed on June 2, 2015, therefore, is facially untimely. ***See*** 42 Pa.C.S. § 9545(b)(1). Appellant does not allege any of the enumerated exceptions to the jurisdictional time bar. ***See id.*** § 9543(b)(1)(i)-(iii); Appellant's Pet. at 1-6. Thus, the PCRA court was without jurisdiction to entertain Appellant's petition, and we affirm its dismissal.[7] ***See Taylor***, 65 A.3d at 468.

Order affirmed.

---

[6] We observe the 30th day from Appellant's judgment of sentence was Saturday, August 11, 2007. When considering the timeliness of a filing, "[w]henever the last day of any such period should fall on a Saturday or Sunday . . . , such day shall be omitted from the computation." 1 Pa.C.S. § 1908. Therefore, Appellant had until Monday, August 13, 2007, to file a timely appeal.

[7] We note the PCRA court addressed the merits of Appellant's petition before dismissing it. While we conclude it was without jurisdiction to do so, we agree it was properly dismissed and affirm on alternative grounds. ***See Commonwealth v. Doty***, 48 A.3d 451, 456 (Pa. Super. 2012).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/27/2016</u>