J-S64024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KYLE KRIDER | |
| Appellant | No. 72 EDA 2016 |

Appeal from the PCRA Order Dated December 16, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0007239-2009

BEFORE:  STABILE, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED OCTOBER 21, 2016**

Appellant, Kyle Krider, appeals *pro se* from the order dismissing as untimely his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On March 26, 2010, following a jury trial, Appellant was convicted of burglarizing the home of Jenna Helmuth in Wallingford in the early morning hours of September 16, 2009.[1]  On May 20, 2010, Appellant was sentenced to 10-20 years' incarceration.  On July 28, 2010, the Trial Court denied

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3502(a).  Police apprehended Appellant that evening.  They found several of Helmuth's possessions in his pockets.  **See** PCRA Court Opinion, 4/15/16, at 1-2.

Appellant's motion for reconsideration of sentence. Appellant filed a timely appeal, and this Court affirmed his judgment of sentence on February 8, 2012. *Commonwealth v. Krider*, No. 2442 EDA 2010 (Pa. Super. Feb. 8, 2012) (unpublished memorandum).

Appellant has twice before unsuccessfully sought post-conviction relief in PCRA petitions, most recently in 2014. Appellant filed the instant PCRA petition, his third, *pro se* on February 24, 2015, generally to assert ineffective assistance of counsel with regard to the sentence he received.[2]

On April 14, 2015, the PCRA court notified Appellant, pursuant to Pa.R.Crim.P. 907(1), that his PCRA petition would be dismissed on the basis of untimeliness unless a response was filed within twenty (20) days. Rule 907(1) Notice, 4/14/15. On April 22, 2015, Appellant filed a *pro se* response contending that his petition was timely, "because the court retains its inherent power to correct an illegal sentence." Appeal for Intent to Dismiss, at 2. By order entered December 16, 2015, the PCRA court stated, "upon consideration of [Appellant's] *Motion for Post Conviction Relief*, and the court concluding that it has no jurisdiction over the petition and following the

_____

[2] While Appellant's PCRA petition is time-stamped March 2, 2015, the petition itself is dated February 24, 2015. Accordingly, we conclude that, pursuant to the "prisoner mailbox rule," Appellant filed his PCRA petition on February 24, 2015. *See Commonwealth v. Wilson*, 911 A.2d 942, 944 (Pa. Super. 2006) (recognizing that under the "prisoner mailbox rule" a document is deemed filed when placed in the hands of prison authorities for mailing).

court's notice of intent to dismiss and the Petitioner's responses thereto, the court hereby **ORDERS** and **DECREES** that the motion is **DENIED**." PCRA Court Order, 12/16/15 (emphasis in original). In its opinion, the court reiterated that Appellant's petition is "patently untimely" and "does not fall within any of the exceptions to the timeliness requirements under the PCRA." PCRA Court Opinion, 4/15/16, at 5-6. The PCRA court concluded, "Ultimately, the untimeliness of Appellant's petition precludes any consideration of his claims by this court." *Id.* at 6.

On December 22, 2015, Appellant filed a timely appeal, *pro se*, with this Court. Appellant's *pro se* brief does not include a Statement of Questions Involved pursuant to Pa.R.A.P. 2116.[3] As questions that are not identified in a Statement of Questions Involved are waived, **Commonwealth v. Bryant**, 57 A.3d 191, 196 n.7 (Pa. Super. 2014), we could affirm on the basis that Appellant preserved no issues for appellate review.

_____

[3] The PCRA court did not order a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Nevertheless, on April 29, 2016, Appellant filed a Rule 1925(b) Statement in the lower court. That statement cannot serve as a substitute for the Statement of Questions Involved that is required under Rule 2116. **See** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").

The PCRA court held, however, that it lacked jurisdiction to consider any issues that Appellant sought to raise[4] because Appellant failed to meet

_____

[4] In his petition, Appellant identified the following issues:

> ISSUE-(1). DEFENDANT SUBMITS AND MAINTAINS THAT HE WAS DENIED HIS SIXTH UNITED STATES CONSTITUTIONAL AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR COUNSEL'S FAILURE IN NOT RAISING AN OBJECTION TO THE TRIAL COURT'S FOURTEENTH UNITED STATES CONSTITUTIONAL AMENDMENT RIGHT TO DUE PROCESS OF LAW FOR THE COURT'S FAILURE IN NOT GIVING ORAL AND WRITTEN NOTICE TO DEFENDANT THAT COURT INTENDED TO IMPOSE EXECUTION OF JUDGMENT OF SENTENCE UNDER (42 PA. C.S.A. § 9714), AND FOR THE TRIAL COURT'S FAILURE IN NOT CONDUCTING A MANDATORY SENTENCE HEARING AND FOR FAILURE IN NOT GIVING DEFENDANT THE RIGHT TO CONTEST THE MANDATORY SENTENCE.

> ISSUE-(2). DEFENDANT SUBMITS AND MAINTAINS THAT HE WAS DENIED HIS SIXTH UNITED STATES CONSTITUTIONAL AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR COUNSEL'S FAILURE IN NOT RAISING AN OBJECTION TO THE TRIAL COURT'S UNCONSTITUTIONAL SENTENCE IN THAT THE MANDATORY MINIMUM AND MAXIMUM SENTENCE OF 10 TO 20 YEARS, ABSENT PROPER NOTIFICATION AND LACK OF A HEARING, ALLOWED THE TRIAL JUDGE TO DETERMINE WHETHER THE EVIDENCE TRIGGERS THE APPLICATION OF THE MANDATORY MINIMUM AND MAXIMUM SENTENCE, THEREBY VIOLATING DEFENDANT'S SIXTH AMENDMENT RIGHTS, AND RIGHT TO A TRIAL BY JURY PURSUANT TO ARTICLE I, SECTION IX, OF THE PENNSYLVANIA CONSTITUTION WHICH GUARANTEE DEFENDANT TO TRIAL BY JURY AND A DETERMINATION OF GUILT BEYOND A REASONABLE DOUBT IN VIOLATION OF DEFENDANT'S FOURTEENTH UNITED STATES CONSTITUTIONAL AMENDMENT RIGHT TO DUE PROCESS OF LAW.

PCRA Petition, 2/24/15, at 4(A).

the jurisdictional deadlines in the PCRA. That holding by the PCRA court was correct, and we affirm on that basis.

This Court's standard of review regarding an order dismissing a petition under the PCRA is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa. Super. 2013) (citations omitted).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b)(1) of the statute. *See* 42 Pa.C.S. § 9545(b).[5] A PCRA petition

_____

[5] The three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

*(Footnote Continued Next Page)*

invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." ***Hernandez***, 79 A.3d at 651-652; ***see*** 42 Pa.C.S. § 9545(b)(2). Asserted exceptions to the time restrictions for the PCRA must be included in the petition and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007).

Here, Appellant's judgment of sentence became final on March 9, 2012, when the 30-day time period for filing an allocatur petition with our Supreme Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3). As Appellant filed the PCRA petition at issue here on February 24, 2015 — more than two years after his judgment of sentence became final — it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, 79 A.3d at 651-652.

In his PCRA petition, Appellant acknowledged the statutory time bar and conceded that his petition was untimely if no exception applies. PCRA

*(Footnote Continued)* ─────────────

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

Petition, 2/24/15, at 3. However, Appellant averred that he fell within the exception to the time bar under 42 Pa.C.S. § 9545(b)(1)(ii), which provides that a petitioner may seek relief when the "facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." PCRA Petition, 2/24/15, at 3. When Appellant sought to articulate the "facts" that were "previously unknown to [him]," however, he stated only that he "submits and maintains his illegal sentence is non-waivable and can be raised at any time where [Appellant] was denied Due Process of Law in the imposition of his Mandatory minimum and maximum sentence under 42 Pa. C.S.A. § 9714." PCRA Petition, 2/24/15, at 3. His petition thus failed to allege any newly-discovered facts.

The PCRA court recognized that Appellant's petition cited a number of cases that Appellant appeared to be trying to use to invoke the PCRA's third exception, for "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." **See** PCRA Court Opinion at 5-6.[6] Appellant repeats many of

_____

[6] The PCRA court incorrectly identified this exception as falling under Section 9545(b)(1)(ii) of the PCRA, but the correct provision is 9545(b)(1)(iii). The Supreme Court of Pennsylvania has held that any claim to a timeliness exception based on new case law must meet the requirements of paragraph
*(Footnote Continued Next Page)*

those citations in his brief to this Court. Nevertheless, a petition claiming application of the "new constitutional right" exception (and the other two exceptions as well) must be filed "within 60 days of the date the claims could have been presented," 42 Pa.C.S. § 9545(b)(2), and most of the court decisions on which Appellant relies were filed well more than 60 days before Appellant filed his petition.[7]

As the PCRA court observed, Appellant's main argument appears to be that he received a mandatory minimum sentence that should be held invalid under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that a mandatory minimum sentence is unconstitutional unless all facts that increase the sentence are proven to a jury beyond a reasonable doubt. In this Court, Appellant bolsters that argument by citing *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015), which examined the impact of *Alleyne*

*(Footnote Continued)* ───────────────

(iii) of this section of the PCRA, not paragraph (ii). *See Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011) ("subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA").

[7] In his brief, Appellant cites the following U.S. and Pennsylvania Supreme Court decisions: *Alleyne v. United States*, 133 S. Ct. 2151 (2013); *Commonwealth v. Fields*, 107 A.3d 738 (Pa. 2014); *Commonwealth v. Vasquez*, 744 A.2d 1280 (Pa. 2000); and *Commonwealth v. Butler*, 760 A.2d 384 (Pa. 2000). None of these cases was decided within 60 days prior to when Appellant filed his February 24, 2015 petition. Appellant also cites in his brief to *Commonwealth v. Akbar*, 111 A.3d 168 (Pa. 2015), and *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015), each of which was decided *after* Appellant filed his petition. Appellant raises no claim under *Akbar*, which is not a decision recognizing a new constitutional right. Appellant's reliance on *Hopkins* fails for the reasons discussed in the text.

on Pennsylvania's mandatory sentencing statutes. But even if we assume that Appellant's claim under **Hopkins** would not be barred by Section 9545(b)(2)'s 60-day requirement, as **Hopkins** was decided after Appellant filed his petition (although Appellant did not seek to amend his petition to invoke **Hopkins**), Appellant's citation to **Hopkins** still cannot cure Appellant's jurisdictional defect. This is because **Alleyne** and **Hopkins** have not been held to apply retroactively to cases on collateral review. **See Commonwealth v. Washington**, 142 A.3d 810, 818–819 (Pa. July 19, 2016). Therefore, these cases do not qualify as decisions recognizing the type of new constitutional right that gives rise to an exception to the jurisdictional time requirements in the PCRA. **See** 42 Pa.C.S. § 9545(b)(1)(iii) (new constitutional right must have been "held by [the U.S. Supreme Court or the Supreme Court of Pennsylvania] to apply retroactively").[8]

_____

[8] In addition, as the trial court noted, PCRA Court Opinion at 1-2, 6, Appellant was sentenced to a mandatory minimum sentence of ten years because it was his second conviction for burglary, which the Sentencing Code lists as a crime of violence. **See** 42 Pa.C.S. § 9714(a); **see also id.** § 9714(g) (defining "crime of violence" to include burglary). The courts of the Commonwealth have taken the position that **Alleyne** does not require that a prior conviction be proven before a jury to support a mandatory minimum sentence. **See Commonwealth v. Watley**, 81 A.3d 108, 117 (Pa. Super. 2013) (_en banc_) ("[t]he **Alleyne** decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes **that do not pertain to prior convictions** constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance
_(Footnote Continued Next Page)_

Based on the foregoing, the PCRA court correctly concluded that it lacked jurisdiction to consider Appellant's untimely PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 10/21/2016

---

*(Footnote Continued)*

of the evidence standard" (emphasis added)); ***see also Apprendi v. N.J.***, 530 U.S. 466, 490 (2000) ("***Other than the fact of a prior conviction***, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt" (emphasis added)); ***Commonwealth v. Aponte***, 855 A.2d 800, 804 (Pa. 2004).