J-A05014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL KING WARREN | : | |
| | : | |
| Appellant | : | No. 1470 EDA 2017 |

Appeal from the PCRA Order April 3, 2017
In the Court of Common Pleas of Lehigh County Criminal Division at No(s):
CP-39-CR-0000388-1998

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 15, 2018**

Appellant, Daniel King Warren, appeals *pro se* from the Order dismissing as untimely his third Petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§ 9541-46.  After careful review, we affirm on the basis that Appellant's PCRA Petition is untimely and this Court, thus, lacks jurisdiction to review the Petition.

On December 28, 1998, the trial court sentenced Appellant to a term of ten to twenty years' incarceration after he entered a guilty plea to Burglary.  On January 27, 1999, Appellant filed a direct appeal, which he subsequently discontinued.  His Judgment of Sentence, thus, became final on February 16, 1999, the date he discontinued his direct appeal.  ***See Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008) (explaining that judgment of sentence becomes final for PCRA purposes when appeal is discontinued); 42 Pa.C.S. § 9545(b)(3).

_____

*   Former Justice specially assigned to the Superior Court.

Appellant subsequently filed two unsuccessful PCRA Petitions. On February 13, 2017, Appellant filed a *pro se* Motion for Writ of *Habeas Corpus Ad Subjiciendum*, alleging that his judgment is void because his sentence is illegal pursuant to **Commonwealth v. Butler**, 760 A.2d 384 (Pa. 2000).[1] The PCRA court properly treated Appellant's Motion as a serial PCRA Petition.[2] On March 8, 2017, the PCRA court issued a Pa.R.Crim.P. 907 Notice of Intent to dismiss the Petition without a hearing. On March 30, 2017, Appellant responded. On April 3, 2017, the PCRA court denied Appellant's Petition as untimely.

Appellant timely appealed.[3] Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

---

[1] In **Butler**, **supra**, our Supreme Court held that the "strike two" sentencing statute, which imposes a mandatory minimum sentence on a high-risk dangerous offender, violates due process by placing the burden on the defendant to rebut the presumption that he is a high-risk dangerous offender.

[2] **See** 42 Pa.C.S. § 9542; **Commonwealth v. Peterkin**, 722 A.2d 638, 640 (Pa. 1998) (observing that "the PCRA subsumes the remedy of *habeas corpus* with respect to remedies offered under the PCRA" and the writ of *habeas corpus* "continues to exist only in cases in which there is no remedy under the PCRA.").

[3] Although the trial court entered Appellant's Notice of Appeal on the docket on May 8, 2017, which would render it untimely, we note that Appellant complied with the prisoner mailbox rule by delivering his Notice of Appeal to prison authorities for mailing. **See** Pa.R.A.P. 121(a).

A. Is appellant's claim of a void judgment pursuant to the void ab initio doctrine cognizable under the PCRA?

B. Is appellant's claim that 42 Pa.C.S. § 9714, void ab initio from its inception?

C. Is appellant being denied a remedy by due course of law without denial or delay pursuant to Article I Section 11 of the Pennsylvania Constitution for the violation of his due process rights pursuant to the United States and Pennsylvania Constitutions?

Appellant's Brief at 2 (verbatim).

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review," including, *inter alia*, the date that an

appellant discontinues his direct appeal. 42 Pa.C.S. § 9545(b)(3); *see McKeever*, *supra* at 785. The PCRA's timeliness requirements are jurisdictional in nature, and a PCRA court may not address the merits of the issues raised if the petitioner did not timely file the PCRA petition. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

The instant Petition, filed over 17 years after Appellant's Judgment of Sentence became final, is patently untimely. Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Appellant fails to meet this burden.

In arguing that his sentence is illegal pursuant to *Butler*, *supra*, Appellant relies on Section 9545(b)(1)(iii), which allows review of an untimely PCRA petition if "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States of the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii). For a petitioner to avail himself of this exception, he must file his Petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).

We further note that although a legality of sentence claim cannot be waived, it must be raised in a timely PCRA Petition. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007); 42 Pa.C.S. § 9545(b)(2);

*Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto").

Our Supreme Court decided *Butler, supra*, on October 27, 2000. As such, Appellant would have had to raise his *Butler* claim in a PCRA Petition filed by December 26, 2000, within 60 days of the *Butler* decision, pursuant to 42 Pa.C.S. § 9545(b)(2). Appellant filed the instant Petition on February 13, 2017, over 16 years too late. Thus, he did not invoke a timely exception to the time bar.

Because Appellant's PCRA Petition fails to meet any of the timeliness exceptions, the PCRA court properly concluded it was without jurisdiction to address the merits of Appellant's Petition.

This Court is, likewise, without jurisdiction. We, thus, affirm the PCRA court's Order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/15/18</u>