J-S46026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KARIM ALI SHAMDIS-DEEN | |
| Appellant | No. 3390 EDA 2015 |

Appeal from the PCRA Order October 13, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002717-2006

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                      **FILED JULY 06, 2016**

Karim Ali Shamdis-Deen[1] appeals *pro se* from the order entered October 13, 2015, in the Court of Common Pleas of Delaware County, that dismissed his *pro se* petition for writ of *habeas corpus*, which the court construed as a third petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  Shamdis-Deen claims the PCRA court erred in (1) dismissing his petition for writ of *habeas corpus* as an untimely PCRA petition, and (2) dismissing his petition challenging the legality of his mandatory minimum sentence imposed

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Shamdis-Deen's surname also appears in the certified record as Shamsid-Deen and Shamsid-Dean.

pursuant to 42 Pa.C.S. § 9714 ("Second and subsequent offenses").[2]  For

the following reasons, we affirm.

_____

[2] Section 9714 provides, in relevant  part, as follows:

    (a) Mandatory sentence.--

    (1) Any person who is convicted in any court of this
    Commonwealth of a crime of violence shall, if at the time of the
    commission of the current offense the person had previously
    been convicted of a crime of violence, be sentenced to a
    minimum sentence of at least ten years of total confinement,
    notwithstanding any other provision of this title or other statute
    to the contrary.

    * * *

    (d) Proof at sentencing.-- Provisions of this section shall not be
    an element of the crime and notice thereof to the defendant
    shall not be required prior to conviction, but reasonable notice of
    the Commonwealth's intention to proceed under this section
    shall be provided after conviction and before sentencing. The
    applicability of this section shall be determined at sentencing.
    The sentencing court, prior to imposing sentence on an offender
    under subsection (a), shall have a complete record of the
    previous convictions of the offender, copies of which shall be
    furnished to the offender. If the offender or the attorney for the
    Commonwealth contests the accuracy of the record, the court
    shall schedule a hearing and direct the offender and the attorney
    for the Commonwealth to submit  evidence regarding the
    previous convictions of the offender. The court shall then
    determine, by a preponderance of the evidence, the previous
    convictions of the offender and, if this section is applicable, shall
    impose sentence in accordance with this section. . . .

42 Pa.C.S. § 9714(a)(1), (d).  **See also** 42 Pa.C.S. § 9714(g) (defining
"crime of violence").

The facts underlying this appeal are fully recounted in this Court's decision that was filed in connection with Shamdis-Deen's direct appeal. **See Commonwealth v. Shamdis-Deen**, 964 A.2d 445 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 966 A.2d 571 (Pa. 2009). Furthermore, the PCRA court has fully detailed the procedural history of this case. **See** PCRA Opinion, 2/23/2016, at 1–7. Therefore, we only state that on November 9, 2007, Shamdis-Deen was convicted by a jury of robbery.[3] On December 10, 2007, pursuant to 42 Pa.C.S. § 9714 ("Sentences for Second and Subsequent Offenses"), the trial court sentenced Shamdis-Deen to a mandatory term of 10 to 20 years' incarceration, to be served consecutively to another sentence Shamdis-Deen was then serving. On direct appeal, this Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal. **See Shamdis-Deen, supra**. Shamdis-Deen then filed two unsuccessful PCRA petitions.

On September 23, 2015, Shamdis-Deen filed the *pro se* petition for writ of *habeas corpus* that underlies this appeal. In his petition, Shamdis-Deen asserted the Pennsylvania Supreme Court's decision in **Commonwealth v. Butler**, 760 A.2d 384 (Pa. 2000) "should have the effect of voiding the entirety of [42 Pa.C.S.] § 9714." Shamdis-Deen's Petition, 9/23/2015, at ¶¶6–18. He also asserted that his sentence is illegal

---

[3] **See** 18 Pa.C.S. § 3701(a)(1)(ii).

because the second strike statute under which he was sentenced, 42 Pa.C.S. § 9714, constitutes unconstitutional *ex post facto* legislation. In this regard, Shamdid-Deen argued Section 9714 factored in prior convictions, like his, that occurred before the legislation was passed. **See id**. at 19–31. Finally, Shamdis-Deen asserted Section 9714 was unconstitutional because it did not provide for a factual determination of the prior conviction and the facts of the prior conviction. **Id.** at 32–36.

The PCRA court treated Shamdis-Deen's petition as a petition pursuant to the PCRA and, on September 30, 2015, issued Pa.R.Crim.P. 907 notice of intent to dismiss, finding, *inter alia*, that the petition was untimely. **See** Notice of Intent to Dismiss Without a Hearing, 9/30/2015, at 3–5 n.3 (explaining petition was untimely and therefore the PCRA court lacked necessary jurisdiction). On October 6, 2015, Shamdis-Deen filed a response to the Rule 907 notice, and on October 13, 2015, the PCRA court dismissed the petition. Shamdis-Deen then filed this timely appeal, and complied with the court's order to file a Pa.R.A.P. 1925(b) statement. On February 23, 2016, the Honorable Kevin Kelly filed a 30-page opinion in support of his dismissal order. The PCRA judge explained in detail his determinations that the petition was untimely and the PCRA court lacked jurisdiction and, further, addressed the merits of Shamdis-Deen's claims.

Our standard of review of the denial of a PCRA petition is well settled:

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that

> decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Walters*, ___ A.3d ___, ___ [2016 PA Super 42] (Pa. Super. 2016) (citation omitted).

We first address Shamdis-Deen's claim that the PCRA court erred in treating his writ of *habeas corpus* as a PCRA petition. Shamdis-Deen argues that if he is precluded by the time constraints of the PCRA from raising his claim, he is entitled to *habeas corpus* relief. **See** Shamdis-Deen's Answer to Court's Notice of Intention to Dismiss, 10/6/2015, at 2, ¶¶8–9; Shamdis-Deen's Brief, at 11–13. We disagree. Even though titled a petition for *habeas corpus*, the petition is, in fact, a PCRA petition, alleging illegality of sentence, which was not filed within the one-year time limitation contained within the PCRA.

The PCRA clearly states it is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies …, including habeas corpus and coram nobis." 42 Pa.C.S. § 9542. This Court has explained:

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542; **Commonwealth v. Haun**, 613 Pa. 97, 32 A.3d 697 (Pa. 2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* **Fahy, supra** at 223-224; **Commonwealth v. Chester**, 557 Pa. 358, 733 A.2d 1242 (Pa. 1999). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. **See Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (Pa. 1998); **see also**

> ***Commonwealth v. Deaner***, 2001 PA Super 191, 779 A.2d 578 (Pa.Super. 2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). **Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.**

***Commonwealth v. Taylor***, 65 A.3d 462, 465–466 (Pa. Super. 2013) (emphasis added). ***See also Commonwealth v. Pagan***, 864 A.2d 1231, 1233 (Pa. Super. 2004) ("if the underlying substantive claim is one that ***could potentially*** be remedied under the PCRA, that claim is ***exclusive*** to the PCRA") (emphasis added), *cert. denied*, 546 U.S. 909 (2005). Here, Shamdis-Deen challenges the legality of his sentence. The PCRA specifically "provides for an action by which … persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S. § 9542. Thus, contrary to Shamdis-Deen's contention, his claim presents a cognizable PCRA claim, and he cannot seek relief outside the PCRA.

Turning to the requirements of the PCRA, we note initially that Shamdis-Deen's claim that his sentence is a legal "nullity"[4] does not allow him to evade the PCRA's timeliness requirements. In ***Commonwealth v. Fahy***, 737 A.2d 214 (Pa. 1999), the Pennsylvania Supreme Court rejected this contention. The ***Fahy*** Court stated, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the

---

[4] Shamdis-Deen's Petition, 9/23/2015, at ¶¶42–47. ***See also*** Shamdis-Deen's Answer to the Court's Notice of Intention to Dismiss, 10/6/2015, at 2, ¶¶3–7, 10.

PCRA's time limits or one of the exceptions thereto." **Fahy, supra** at 223 (citation omitted). Consequently, Shamdis-Deen cannot evade the PCRA timeliness requirements based on a claim of an illegal sentence.

Under the PCRA, any PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). Here, on October 10, 2008, this Court affirmed Shamdis-Deen's judgment of sentence, and on February 26, 2009, the Pennsylvania Supreme Court denied allowance of appeal. The PCRA court correctly determined that Shamdis-Deen's judgment of sentence became final on May 27, 2009, when the 90-day period for filing a petition for writ of *certiorari* to the United States Supreme Court expired.[5] **See** 42 Pa.C.S. § 9545(b)(3). **See also** U.S.Sup.Ct.R. 13. Therefore, the time for Shamdis-Deen to file for collateral relief expired on May 27, 2010. **See** 42 Pa.C.S. § 9545(b)(1), **supra.** Accordingly, the present petition, filed September 23, 2015, is patently untimely.

Nevertheless, we may consider an untimely PCRA petition if the petitioner pleads and proves one of the PCRA's three exceptions:

(i)     The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

_____

[5] **See** PCRA Court Opinion, 2/23/2016, at 13.

- 7 -

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). Furthermore, any petition involving one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Examining Shamdis-Deen's petition in light of the statutory exceptions stated above, our review confirms Judge Kelly's determination that Shamdis-Deen "has failed to plead facts, that if proven, satisfy the material exceptions to the Post Conviction Relief Act's otherwise one (1) year filing requisite. 42 Pa.C.S. § 9545(b)(1)(i)-(iii)." PCRA Court Opinion, 2/23/2016, at 14. Therefore, we conclude the PCRA court properly dismissed Shamdis-Deen's petition.[6]  Accordingly, we affirm.

_____

[6] The PCRA court, in addition to its jurisdictional analysis, extensively addressed the Shamdis-Deen's substantive claims "assuming *arguendo* this court has the jurisdiction requisite to adjudicating Defendant Shamdis-Deen's collateral petition." PCRA Court Opinion, 2/23/2016, at 15. ***See id.*** at 15–30.  However, as we have concluded the PCRA court properly determined as a threshold issue that the petition was untimely and no exception was alleged, the PCRA court lacked jurisdiction to consider the merits of Shamdis-Deen's claims, and this Court likewise lacks jurisdiction to review those claims.

*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2016

---

*(Footnote Continued)* ———————————

Nevertheless, with regard to Shamdis-Deen's claim that the second strike statute, 42 Pa.C.S. § 9714, is unconstitutional because it does not provide for a jury determination of the facts of the prior conviction of a crime of violence, we note that Shamdis-Deen had pleaded guilty in 1995 to voluntary manslaughter, which is a "crime of violence" under Section 9714(g). *See* 42 Pa.C.S. § 9714(g); N.T., 12/10/2007 (Sentencing Hearing). We further note this Court has rejected the argument that a sentence imposed pursuant to Section 9714 is illegal based upon *Alleyne v. United States*, 133 S. Ct. 2151 (2013). *See Commonwealth v. Reid*, 117 A.3d 777, 785 (Pa. Super. 2015). *See also Commonwealth v. Bragg*, 133 A.3d 328, 332–333 (Pa. Super. 2016). The United States Supreme Court held in *Alleyne* that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S. Ct. at 2155. However, *Alleyne* recognized a narrow exception for prior convictions. *Id.* at 2160 n.1. *See Bragg, supra; Reid, supra*. Therefore, Shamdis-Deen's argument would fail.

- 9 -