J. S83001/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT ALLEN BENNEY, | : | No. 680 WDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, June 6, 2014,
in the Court of Common Pleas of Washington County
Criminal Division at No. CP-63-CR-0001104-2008

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED FEBRUARY 08, 2017**

Robert Allen Benney appeals **pro se** from the June 6, 2014 order

dismissing his petitions for relief filed pursuant to the Post-Conviction Relief

Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.[1]

The PCRA court summarized the relevant facts of this case as follows:

> This case arises out of a criminal complaint
> filed against [appellant] on April 17, 2008, whereby
> [appellant] was arrested and charged with Burglary,
> Criminal Conspiracy, Robbery, Rape, Involuntary
> Deviate Sexual Intercourse, Aggravated Assault,
> Terroristic Threats, Unlawful Restraint, [and] Theft
> by Unlawful Taking.
>
> These charges were filed as a result of an
> incident on March 22, 2008, when [appellant]
> convinced his younger, half-brother, Kevin Partozoti,

---

* Retired Senior Judge assigned to the Superior Court.

[1] The Commonwealth has not filed a brief in this matter.

to accompany him on what [appellant] described as a burglary of an unoccupied house of a man who owed him money. The house was actually occupied by [K.O., "the victim"], an elderly widow, who [appellant] had known from a remodeling project that he had worked on in her home. [The victim] awoke to the sound of Mr. Partozoti banging on the back door. When she retreated from this door, [appellant] entered through the front door and accosted her. [Appellant] forced his way into [the victim's] home, disabled her telephone, and forced her to put his penis in her mouth.

[Appellant] subsequently let Mr. Partozoti into the home and directed Mr. Partozoti to search specific rooms in the home to look for valuables, while [appellant] remained in the kitchen with [the victim]. [Appellant] forced a firearm into [the victim's] mouth, and told her to "suck on this, b[***]h." [Appellant] raped [the victim] in the kitchen, forcing her to lower her pants, pouring vinegar down her back, and placing a plastic bag over his penis, prior to penetrating her anus with his penis. [The victim] was later tied to a chair in the basement of her home, where [appellant] defiled her by pouring spices and cat litter all over her. [Appellant] continued to abuse and humiliate [the victim] until Mr. Partozoti yelled down that he had found some silver. Mr. Partozoti then convinced [appellant] to break off his assault and [they] finally left the home.

PCRA court opinion, 11/13/15 at 1-2 (footnotes omitted).

On February 2, 2009, appellant proceeded to a jury trial and was subsequently found guilty of burglary, robbery, theft by unlawful taking, aggravated assault, rape, involuntary deviate sexual intercourse, making

terroristic threats, unlawful restraint, and criminal conspiracy.[2]  On May 21, 2009, the trial court sentenced appellant to an aggregate term of 47 to 94 years' imprisonment.  On June 14, 2011, a panel of this court affirmed the judgment of sentence, and our supreme court denied appellant's petition for allowance of appeal on October 25, 2011.  ***See Commonwealth v. Benney***, 31 A.3d 744 (Pa.Super. 2011), ***appeal denied***, 31 A.3d 290 (Pa. 2011).[3]

On March 14, 2012, appellant filed a ***pro se*** PCRA petition, and Keith Emerick, Esq. ("PCRA counsel" or "Attorney Emerick"), was appointed to represent him.  On February 28, 2013, PCRA counsel filed a "no-merit" letter and a petition to withdraw, in accordance with ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (***en banc***).  Appellant filed an amended ***pro se*** PCRA petition on April 25, 2013.  On June 19, 2013, the PCRA court provided appellant with notice, pursuant to Pa.R.Crim.P. 907(1), of its intention to dismiss his petition without a hearing.  Appellant, in turn, filed two additional amended ***pro se*** PCRA petitions on September 9 and December 27, 2013.

---

[2] 18 Pa.C.S.A. §§ 3502, 3701, 3921, 2702, 3121, 3123, 2706, 2902, and 903, respectively.

[3] The record reflects that appellant was represented during trial by Charles Carpinelli, Esq. ("trial counsel"), and on direct appeal by Erin Dickerson, Esq., and Jeffrey Watson, Esq. (collectively, "appellate counsel").

Thereafter, on June 6, 2014, the PCRA court dismissed appellant's petitions without a hearing.

On June 18, 2014, appellant indicated to the PCRA court that he wished to proceed *pro se* and filed a *pro se* notice of appeal on July 7, 2014.[4] The PCRA court granted PCRA counsel's request to withdraw on August 1, 2014, and notwithstanding appellant's waiver of counsel, appointed Stephan Paul, Esq. ("Attorney Paul"), as standby counsel.[5]

Preliminarily, we must address whether appellant's *pro se* appeal is timely. It is well settled that a "notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). In the instant matter, appellant's notice of appeal was filed on July 7, 2014, 31 days after the entry of the June 6, 2014 order dismissing his PCRA petitions. Although appellant's notice of appeal appears

---

[4] The record reflects that pursuant to this court's directive, the PCRA court conducted a hearing on appellant's repeated requests to proceed *pro se*, in accordance with *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), on April 4, 2016. (*See per curiam* order, 12/30/15.) Following said hearing, the PCRA court determined that appellant intelligently, knowingly, and voluntarily waived his right to representation and granted him permission to proceed *pro se*. (*See* PCRA court order, 4/5/16.)

[5] On August 1, 2014, the PCRA court entered an order directing appellant to file a Pa.R.A.P. 1925(b) statement within 30 days. Appellant complied with the PCRA court's order and filed a timely Rule 1925(b) statement on August 28, 2014. On July 16, 2015, the PCRA court entered an order directing appellant to file an amended Rule 1925(b) statement within 60 days. Appellant filed a timely amended Rule 1925(b) statement on August 26, 2015. Thereafter, on November 13, 2015, the PCRA court filed a comprehensive, 15-page Rule 1925(a) opinion.

to be untimely on its face, we conclude that the prisoner mailbox rule applies to this case. Under the prisoner mailbox rule, an appeal by a *pro se* prisoner is deemed filed on the date the prisoner deposits the appeal with prison authorities or places it in a prison mailbox, though the appeal is actually received after the deadline for filing an appeal. ***See Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa.Super. 2011), ***appeal denied***, 46 A.3d 715 (Pa. 2012).

Here, appellant's notice of appeal, dated June 20, 2014, was received by the clerk of courts on July 7, 2014, yet the record does not contain a certificate of mailing indicating when it was deposited with prison authorities. Nonetheless, we conclude that a document received on July 7, 2014, presumably would have been deposited with prison authorities or placed in the prison mailbox **at least one day earlier**, making it timely filed. Furthermore, said notice of appeal is accompanied by a signed *pro se* "Proof of Service" averring that the notice was deposited with prison authorities on June 30, 2014. (***See*** notice of appeal and proof of service, 7/7/14; certified record at 70.) Accordingly, we deem the instant appeal to be timely.

Appellant raises the following 10 issues for our review:

I.   Was trial counsel ineffective for failing to object when the Commonwealth presented inadmissible and improper opinion testimony that impermissibly bolstered the victim's credibility?

II.  Was PCRA counsel ineffective for failing to raise or preserve issues 3-9? Alternatively,

should the apparent waiver of issues 3-9 be excused under **Martinez v. Ryan**[, 132 S.Ct. 1309 (2012)]?

III. Was trial counsel ineffective for failing to impeach a major Commonwealth witness with his prior **crimen falsi** convictions?

IV. Was trial counsel ineffective due to a conflict of interest?

V. Was trial counsel ineffective for failing to object when a Commonwealth witness invaded the province of the jury and gave inadmissible testimony that he had "absolutely no doubt" that [appellant] was guilty?

VI. Was trial counsel ineffective for failing to file a motion to suppress the voice identification or otherwise object to the voice identification?

VII. Was trial counsel ineffective for failing to object to the jury instruction on the charge of Unlawful Restraint?

VIII. Was trial counsel ineffective for failing to object when the se[n]tencing court improperly considered [appellant's] silence against him at sentencing?

IX. Was trial counsel ineffective for failing to object at sentencing to the [trial] court's imposition of an unconstitutional and illegal sentence when the court found [appellant] to be a "high risk dangerous offender" in violation of **Commonwealth v. Butler**[, 760 A.2d 385 (Pa. 2000)]?

X. Did the PCRA court err by effectively denying [appellant] counsel by failing to refer the amended petitions to counsel, or by allowing improper hybrid representation that may have caused [appellant's] **pro se** filings to be legal nullities?

Appellant's brief at 4-5 (case citations amended).[6]

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). Further, these issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

Where the PCRA court has dismissed a petitioner's petition without an evidentiary hearing, as was the case here, we review the PCRA court's decision for an abuse of discretion. *See Commonwealth v. Roney*, 79

---

[6] For the ease of our discussion, we elect to address appellant's claims in a slightly different order than presented in his 49-page, *pro se* appellate brief. Additionally, to the extent some of these issues are interrelated, we will address them simultaneously.

A.3d 595, 604 (Pa. 2013), **cert. denied**, 135 S.Ct. 56 (2014) (citation omitted). Moreover,

> the right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

**Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa.Super. 2012) (internal citations omitted).

Appellant first argues that his trial counsel was ineffective in failing to object to the Commonwealth's examination of Officer Daniel Rush, on the basis that his testimony "impermissibly bolstered the victim's credibility" and constituted inadmissible expert opinion testimony. (Appellant's brief at 12, issue I.)

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner must establish that "the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was

prejudiced." ***Commonwealth v. Charleston***, 94 A.3d 1012, 1020 (Pa.Super. 2014), ***appeal denied***, 104 A.3d 523 (Pa. 2014) (citation omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009) (citations and internal quotation marks omitted).

"[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011), ***appeal denied***, 30 A.3d 487 (Pa. 2011) (citation omitted). Additionally, we note that "counsel cannot be held ineffective for failing to pursue a meritless claim[.]" ***Commonwealth v. Hall***, 867 A.2d 619, 632 (Pa.Super. 2005), ***appeal denied***, 895 A.2d 549 (Pa. 2006).

Instantly, appellant challenges the following testimony of Officer Rush that was elicited on redirect examination:

> Q. You talked about [the victim's] condition when you interviewed her, she was distraught, shaky, things like that. She had bathed, showered. Based upon your background, training and experience did you believe that she had been the victim of a sexual assault?
>
> A. **I did. That's why I asked before I proceeded with the rest of my investigation while I was at the house of the neighbor, if she had been assaulted sexually [or] otherwise. Again, that**

> **would have led me to collect other evidence in addition to that at the house.**
>
> Q. Based on you[r] background, training and experience, sometimes it happens that women who are victims of sexual assault like this do not want to tell you?
>
> A. Yes.
>
> Q. For the reasons of embarrassment, humiliation?
>
> A. All of the above.
>
> Q. It is common, not unusual sometimes?
>
> A. **It's not unusual. Any psychologist will tell you that. As I said, I've attend courses and seminars and through my college education have studied things similar to it.**

Notes of testimony, 2/2-5/09 at 72-73 (emphasis added).

Upon review, we find no merit to appellant's ineffectiveness claim. "[I]mproper bolstering or vouching for witnesses by the Commonwealth occurs in two situations: [w]hen the prosecution places the prestige of the government behind the witness by personal assurances of the witness's veracity; and when the prosecution indicates that information which is not before the jury supports the witness['s] testimony." *Commonwealth v. Randall*, 758 A.2d 669, 676 (Pa.Super. 2000), *appeal denied*, 764 A.2d 1067 (Pa. 2000) (citations and numeration omitted).

Contrary to appellant's contention, our review of the record reflects that neither the Commonwealth nor Officer Rush improperly vouched for the

credibility of the victim or injected a personal opinion as to her particular credibility. Nor do we find that Officer Rush's mere statement "[a]ny psychologist will tell you that" constituted an expert opinion with regard to "sexual assault victim psychology[,]" as appellant contends. (**See** appellant's brief at 15.) Rather, Officer Rush merely testified about his course of conduct in processing the crime scene and related it to his background, training, and experience in handling sexual assault investigations. Accordingly, trial counsel was not ineffective in failing to object to Officer Rush's testimony on this meritless basis. **See Commonwealth v. Freeland**, 106 A.3d 768, 778 (Pa.Super. 2014) (stating, "it is axiomatic that [trial] counsel will not be considered ineffective for failing to pursue meritless claims[]") (citation omitted); **Hall**, 867 A.2d at 632 (same).

We now turn to appellant's claim that his trial counsel was ineffective in failing to impeach Commonwealth witness Charles Earlywine, appellant's brother-in-law, with his prior **crimen falsi** convictions. (Appellant's brief at 23; issue III.) Appellant contends that trial counsel possessed a "conflict of interest" because he previously represented Earlywine, and alleges counsel "tried to protect [Earlywine] by failing to impeach him with his crimes of dishonesty and his delay in reporting [appellant's] supposed confession." (**Id.** at 25; issue IV.) We disagree.

"Evidence of a witness's conviction for a crime involving dishonesty or a false statement is generally admissible. A failure to so impeach a key witness is considered ineffectiveness in the absence of a reasonable strategic basis for not impeaching." *Commonwealth v. Treiber*, 121 A.3d 435, 456 (Pa. 2015) (citation omitted). Additionally, "[a]n appellant cannot prevail on a preserved conflict of interest claim absent a showing of actual prejudice. To show an actual conflict of interest, the appellant must demonstrate that: counsel actively represented conflicting interests; and those conflicting interests adversely affected his lawyer's performance." *Commonwealth v. Collins*, 957 A.2d 237, 251 (Pa. 2008) (citations, internal quotation marks, and numeration omitted). As noted, prejudice, in the context of the PCRA, is defined as "a reasonable probability that, but for trial counsel's errors, the result of the proceeding would have been different." *Commonwealth v. Kohler*, 36 A.3d 121, 150 (Pa. 2012) (citations omitted); *see also Johnson*, 966 A.2d at 533.

Preliminarily, we note that appellant has failed to cite to that portion of the certified record that supports his contention that trial counsel's purported conflict "adversely affected" his cross-examination of Earlywine. *See Collins*, 957 A.2d at 251; *see also Commonwealth v. Einhorn*, 911 A.2d 960, 970 (Pa.Super. 2006), *appeal denied,* 920 A.2d 831 (Pa. 2007) (concluding that arguments which are undeveloped and lack citation to factual background or the certified record are waived). Furthermore,

appellant has also failed to demonstrate: (i) what impact these *crimen falsi* convictions would have on the jury, and (ii) that there was a reasonable probability that the outcome of the proceedings would have been different. Here, the jury could have easily inferred that Earlywine had a criminal history, as he was incarcerated at the time of his testimony and acknowledged that he had violated the terms of his State Intermediate Punishment program. (Notes of testimony, 2/2-5/09 at 128.) Accordingly, appellant was not prejudiced by trial counsel's inaction; his ineffectiveness claim warrants no relief. *See Commonwealth v. Kelley*, 136 A.3d 1007, 1012 (Pa.Super. 2016) (stating, "[t]he failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail." (citation omitted)).

Appellant next argues that his trial counsel was ineffective in failing to object to Sergeant Christopher Luppino's testimony that, based upon his investigation, it was his opinion that appellant was present at the victim's home with Partozoti on the day in question. (Appellant's brief at 29; issue V.) Specifically, Sergeant Luppino testified as follows:

> Q. You, as a seasoned investigator and detective, you have no doubt that [appellant] is the person who was there with Kevin Partozoti?
>
> A. Absolutely no doubt.
>
> Q. I believe all points of your investigation leads [sic] you to these were the two actors in that home that evening?
>
> A. Absolutely.

Notes of testimony, 2/2-5/09 at 228.

Appellant contends that this testimony constituted "a blatant invasion of the jury's province to determine guilt and was inadmissible[,]" and that he was prejudiced by trial counsel's failure to object. (Appellant's brief at 29-32.) We disagree.

"[T]he admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Fransen*, 42 A.3d 1100, 1106 (Pa.Super. 2012), *appeal denied*, 76 A.3d 538 (Pa. 2013) (citation omitted). Pennsylvania Rule of Evidence 701 permits lay opinion testimony, where the opinion is "rationally based on the witness's perception" and "helpful to clearly understanding the witness's testimony or to determining a fact in issue[.]" Pa.R.E. 701(a), (b). "We have explained that [a] law-enforcement officer's testimony is a lay opinion if it is limited to what he observed . . . or to other facts derived exclusively from [a] particular investigation." *Commonwealth v. Huggins*, 68 A.3d 962, 969 (Pa.Super. 2013), *appeal denied*, 80 A.3d 775 (Pa. 2013) (citations and internal quotation marks omitted).

Instantly, our review of the record indicates that the trial court did not abuse its discretion by admitting Sergeant Luppino's lay opinion testimony into evidence, as it was clearly based upon his investigation of the crime scene and 17 years' experience as a police officer. (*See* notes of testimony,

2/2-5/09 at 213-214, 228.) Accordingly, trial counsel was not ineffective for failing to object to this testimony.

Appellant also argues that his trial counsel was ineffective for: failing to file a motion to suppress the victim's voice identification of his co-defendant, *see* appellant's brief at 33 (issue VI); failing to object to the trial court's jury instruction on unlawful restraint, *id.* at 37 (issue VII); failing to object when the trial court improperly considered his silence at sentencing, *id.* at 39 (issue VIII); and for failing to object to the trial court's determination during the sentencing hearing that he constituted a "high risk dangerous offender[.]" (*Id.* at 41 (issue IX).) The record reflects that appellant has waived these ineffectiveness claims by failing to raise them in either of his Rule 1925(b) statements. *See* Pa.R.A.P. 1925(b)(4)(vii) (stating, "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

We now turn to appellant's contention that his PCRA counsel was ineffective in failing to raise any of the aforementioned issues of trial counsel's ineffectiveness. (*See* appellant's brief at 18-22, issue II.) Our supreme court has set forth the proper framework for alleging a layered ineffective assistance of counsel claim in the context of the PCRA:

> Succinctly stated, a petitioner must plead in his PCRA petition that his prior counsel, whose alleged ineffectiveness is at issue, was ineffective for failing to raise the claim that the counsel who preceded him was ineffective in taking or omitting some action. In addition, a petitioner must present argument, in

- 15 -

> briefs or other court memoranda, on the three prongs of the [ineffectiveness] test as to each relevant layer of representation. . . . [T]his means that the arguable merit prong of the [ineffectiveness] test as to the claim that appellate counsel was ineffective in not raising trial counsel's ineffectiveness consists of the application of the three-prong [ineffectiveness] test to the underlying claim of trial counsel's ineffectiveness. If any one of the prongs as to trial counsel's ineffectiveness is not established, then necessarily the claim of appellate counsel's ineffectiveness fails. Only if all three prongs as to the claim of trial counsel's ineffectiveness are established, do prongs 2 and 3 of the [ineffectiveness] test as to the claim of appellate counsel's ineffectiveness have relevance, requiring a determination as to whether appellate counsel had a reasonable basis for his course of conduct in failing to raise a meritorious claim of trial counsel's ineffectiveness (prong 2) and whether petitioner was prejudiced by appellate counsel's course of conduct in not raising the meritorious claim of trial counsel's ineffectiveness (prong 3).

***Commonwealth v. Reid***, 99 A.3d 470, 482 (Pa. 2014), quoting

***Commonwealth v. McGill***, 832 A.2d 1014, 1023 (Pa. 2003).

Our review of appellant's brief reveals he has failed to properly raise his layered ineffectiveness claims by applying the three-prong ineffectiveness test to each level of representation. Moreover, as discussed, appellant has failed to adequately demonstrate that the underlying claims of trial counsel's purported ineffectiveness were of arguable merit, and thus, his PCRA counsel, during the short duration that he represented appellant, cannot be deemed to be ineffective in failing to pursue these meritless claims. A determination that trial counsel rendered ineffective assistance is

a prerequisite to finding that any subsequent counsel was himself ineffective, and as discussed, no such findings were demonstrated in this case. *See*, *e.g.*, *Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa.Super. 2010); *see also Hall*, 867 A.2d at 632 (holding that counsel cannot be found ineffective for failing to raise a claim that is devoid of merit). Accordingly, appellant's claims that his PCRA counsel rendered ineffective assistance must also fail.

In his final claim, appellant argues that the PCRA court effectively denied his right to counsel by failing to refer the claims he raised in his third and fourth *pro se* amended PCRA petitions to new counsel after Attorney Emerick requested leave to withdraw. (Appellant's brief at 43-46; issue X.) The record belies this claim.

Although there is no Pennsylvania constitutional right to counsel during PCRA review, it is undisputed that first-time PCRA petitioners have a rule-based right to effective counsel. *See Commonwealth v. Figueroa*, 29 A.3d 1177, 1180 n.6 (Pa.Super. 2011), *appeal denied*, 46 A.3d 715 (Pa. 2012), citing Pa.R.Crim.P. 904. Contrary to appellant's contention, however, we find that the PCRA court did not deny appellant his right to counsel in this case.

The record reflects that on February 28, 2013, appellant's then-PCRA counsel, Attorney Emerick, filed a "no-merit" letter in accordance with *Turner/Finley* that addressed the issues appellant raised in his *pro se*

petition and concluded that they were without merit. The PCRA court agreed with Attorney Emerick's assessment and issued a notice of its intention to dismiss appellant's petition without a hearing. Thereafter, on June 6, 2014, the PCRA court properly dismissed appellant's petition without a hearing, advising the parties of its reasons for dismissal and informing them of the 20-day time limit to file a response to its notice, in accordance with Rule 907. As noted, the court ultimately permitted Attorney Emerick to withdraw as counsel on August 1, 2014, and subsequently appointed Stephan Paul, Esq. ("Attorney Paul"), as appellant's new PCRA counsel. Appellant filed a written objection and motion requesting that the PCRA court "rescind" its order appointing counsel and reiterated his repeated desire to proceed *pro se*. In response, the PCRA court entered an order on July 16, 2015, vacating its prior order appointing counsel and granting appellant permission to proceed *pro se*. Notwithstanding appellant's waiver of counsel, the PCRA court appointed Attorney Paul as standby counsel. (PCRA court order, 7/16/15.) Pursuant to this court's directive, the record further reflects that the PCRA court conducted a *Grazier* hearing and determined that appellant intelligently, knowingly, and voluntarily waived his right to

representation. Accordingly, appellant's claim that the PCRA court deprived him of his right to counsel is meritless.[7]

Based on the foregoing, we discern no error on the part of the PCRA court in dismissing appellant's petitions. Accordingly, we affirm the June 6, 2014 order.

Order affirmed.

Shogan, J. joins this Memorandum.

Strassburger, J. files a Concurring Memorandum.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/8/2017

---

[7] To the extent appellant argues that the PCRA court's appointment of Attorney Paul as standby/PCRA counsel constituted improper hybrid representation that caused his amended *pro se* petitions to be legal nullities (*see* appellant's brief at 43-46 (issue X)), we find that appellant has waived this claim by failing to include it in either of his Rule 1925(b) statements. *See* Pa.R.A.P. 1925(b)(4)(vii) (stating, "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").